PER CURIAM.
This is an interlocutory appeal taken by Dade County, the defendant in the trial court. The plaintiff-appellee is Edwin E. Strickland, a judge- of the Metropolitan Court of Dade County. The order appealed was twofold in that it denied the County’s motion to dismiss the complaint and enjoined the County from proceeding with a hearing which was to have been held before the Board of County Commissioners.[1]
Marvin I. Cohen was charged with a traffic violation and was required' to appear in the Metropolitan Court of Dade County to *492 answer the summons. He plead “Not Guilty” and the plaintiff-appellee, as the judge of that court, continued the trial to a later date. Later the same day the case was dismissed. Cohen, in a written statement to the County Manager, the State Attorney and certain County Commissioners charged that the plaintiff-appellee, while acting as judge on the case, remarked that “All you Jews are the same, 90% plead not guilty.” It was requested that the matter be investigated. A few days later the Board of County Commissioners adopted a motion directing the County Attorney to conduct an investigation of the charge filed by Mr. Cohen and to make a report thereon. The County Attorney did conduct such an investigation and made a written report in which he found that probable cause existed for the County Commission to hold a public hearing on Mr. Cohen’s charge against the appellee. The appellee received the notice of public hearing and thereafter filed the suit resulting in the order appealed.
The complaint set forth § 6.01(C) of the Home Rule Charter for Metropolitan Dade County which states that “Any judge may be removed for malfeasance, misfeasance or nonfeasance by vote of two-thirds of the members of the Board after public hearing.” and urged, first that no proper charge for removal was made against the appellee because the charge was that of a private citizen; and second, that the quoted section of the Charter was unconstitutional. Among other things, the prayer was for (1) a pendente lite injunction against any further action against plaintiff under § 6.01(C) of the Charter; (2) a declaration that § 6.01(C) of the Charter is unconstitutional; and (3) a permanent injunction prohibiting any further proceeding against the appellee under said section.
The County filed a motion to dismiss the complaint on the ground that it failed to ■state a cause of action; and, in addition, filed its answer to the complaint. For the most part in its answer, the County admitted the procedural history set forth in the complaint, but alleged that it was proceeding under § 1.01(A) (20) of the Charter which empowers the commissioners to:
“Make investigations of county affairs, inquire into the conduct, accounts, records, and transactions of any department or office of the county, and for these purposes require reports from all county officers and employees, subpoena witnesses, administer oaths, and require the production of records.”
It was then alleged in the answer that “ * * * the Board of County Commissioners is vested with full power and authority by the controlling provisions of the Home Rule Charter to investigate complaints made by citizens concerning the conduct of Judges of the Metropolitan Court in performance of their official duties, and that as a result of such investigation to determine, upon notice and opportunity to be heard, whether cause exists for removal of a Judge of the Metropolitan Court for malfeasance, misfeasance or nonfeasance by vote of two-thirds of the members of the Board of County Commissioners after public hearing.”
No testimony or evidence was taken at the hearing upon plaintiff’s application for a temporary injunction and the chancellor entered the order appealed upon the complaint, its exhibits, the answer and the exhibits attached to the answer. As pointed out previously, the order has two aspects: (1) It denied the County’s motion to dismiss and thus held the factual matters alleged in the complaint to be, if proved, a sufficient basis for the injunction prayed, and (2) it granted an injunction against the scheduled hearing pending the determination of the complaint on its merits.
The County, as appellant, urges reversal of the interlocutory order upon the ground that it was error to enjoin the Board of County Commissioners from conducting a hearing that was only for the purpose of making inquiry into the conduct of a county office. The points presented by the *493 County do not raise the question of whether appellee’s complaint stated a cause of action.
Appellant’s argument is based upon the fact that the Charter grants to the Commission the right to investigate the conduct of any department or office of the County. It is urged that the Commission having the power to investigate, it was error to enjoin the public hearing. We do not think that this conclusion follows. The complaint and the answer agree that there had been a full investigation and report by the County Attorney. This investigation and report included the taking of extensive testimony from the persons concerned. Bearing in mind that the complaint alleges that the purpose of the hearing is not to investigate but to remove the appellee, the question naturally arises as to what purpose can be served by rehearing the testimony already heard by the County Attorney. We do not think it is necessary for us to determine the question. It is sufficient that we find there is an issue for the trial court upon the question of whether the hearing, notice of which is given and quoted in the court’s order, (Footnote 1) is in actuality a furtherance of the investigation.
It is clear that the charges which must constitute malfeasance, misfeasance or non-feasance for removal under the Charter are not the charges of an individual citizen, but those of the Board itself. The complaint and the answer which were before the chancellor at the time of the entry of the injunctive order show that there have been no charges brought by the Commission against the plaintiff-judge. We hold that the complaint and answer, together with the exhibits to each, are a sufficient basis to support the order appealed. The in-junctive portion of the order appealed does not grant appellee’s prayer that the County be enjoined from any proceeding to remove him. It enjoins only the public hearing on the notice served and not any further proceeding in the matter.
Affirmed.

. The order is as follows:
“This cause having been noticed for hearing upon plaintiff’s prayer for temporary injunction and at the commencement of the hearing the defendant filed a motion to dismiss plaintiff’s complaint and the Court after hearing argument of counsel for both parties and being otherwise informed in the premises, it is,
“ORDERED, ADJUDGED AND DECREED as follows:
“1. Defendant’s motion to dismiss be, and the same is hereby denied.
“2. That plaintiff’s prayer for temporary injunction is hereby granted, and the defendant is enjoined from proceeding with the hearing scheduled for September 26, 1962, at 10:00 o’clock A.M. for the purpose set forth in its notice of hearing dated September 4, 1962, which is as follows:
“THE BOARD OF COUNTY COMMISSIONERS DADE COUNTY, FLORIDA
“IN RE: Complaint made by Marvin I.
Cohen) against Edwin E. Strickland, Judge) of the Metropolitan Court
“NOTICE OF HEARING
“NOTICE IS HEREBY GIVEN that, pursuant to the provisions of the Home Rule Charter, the Board of County Commissioners has duly set a public hearing on Wednesday, September 26, 1962, at' 10:00 o’clock A.M. at the County Commission Meeting Room on the 10th floor of the County Courthouse, Miami, Florida, for the purpose of hearing and considering testimony and evidence con- ' cerning the charges contained in the complaint made by MARVIN I. COHEN . against EDWIN E. STRICKLAND, Judge of the Metropolitan Court of Dade County, Florida.
“All interested persons are urged to attend and be present at such public, hearing.
“DATED at Miami, Florida, this 4th . ’ day of September, 1962.
“BOARD OF COUNTY COMMISSIONERS
“E. B. LEATHERMAN, CLERK
“By: /s/ W. F. RUSSELL “W. F. RUSSELL
“Deputy Clerk
until the final hearing is completed in this cause. The Court sets no bond for this temporary injunction because it appears . to the Court that the defendant could suffer no damages and to require a bond would be a useless act.”